IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEONARD BRADY, )
 )
        Plaintiff, )
 )
v. ) No. 08 C 5916
 )
JESSE GONZALEZ, Detective #94, )
and ROBERT D. JONES, Chief of )
Police, )
 )
        Defendants. )

## OPINION AND ORDER

Plaintiff Leonard Brady, proceeding pro se, alleges in his Amended Complaint that defendant Jesse Gonzalez arrested him. Gonzalez is alleged to be a Gurnee, Illinois police detective. Also named as a defendant is Gurnee Chief of Police Robert Jones. Plaintiff alleges that, at approximately 9:15 a.m. on September 4, 2008, Gonzalez and an unknown officer came to plaintiff's house and arrested him without a warrant and without, at the time, making any charges. Attached to the Amended Complaint is a copy of the September 6, 2008 police complaint accusing Brady of having had sexual relations with a minor family

member on July 18, 2008. The police complaint also shows that a bond court hearing was set for September 6 at 9:00 a.m. According to the police complaint, Brady was born in January 1990, making him 18 years old at the time of the alleged offense and his arrest. It is indicated that the family member is an infant girl.

Plaintiff alleges that, at the time of his arrest, he asked his wife to give him his cell phones so he could call his attorney. At the police station, however, he was required to empty his pockets and his cell phones were taken. Plaintiff alleges he did not grant permission for his cell phones to be taken, but the facts alleged are consistent with inventorying the possessions of an arrested individual. The third shift officer would not allow plaintiff access to his cell phones to obtain his attorney's telephone number. Although he repeatedly requested to be able to telephone his attorney, plaintiff was not allowed to contact an attorney until 3:00 a.m. on September 6, which was approximately 41 hours after his arrest. Plaintiff alleges and attaches a copy of a September 18, 2008 search warrant permitting the examination of his cell phones. Plaintiff, however, alleges that unspecified officers searched his cell phones prior to the search warrant being issued. Plaintiff also attaches a copy of a

police report in which it is stated that, after the search warrant was issued, pictures of the alleged victim were found on both cell phones, including one nude picture.

>Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>
>To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>
>Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

> conclusory statements, do not suffice. Id.,
> at 555 (Although for the purposes of a motion to
> dismiss we must take all of the factual
> allegations in the complaint as true, we "are not
> bound to accept as true a legal conclusion
> couched as a factual allegation" (internal
> quotation marks omitted)). Rule 8 marks a
> notable and generous departure from the
> hyper-technical, code-pleading regime of a prior
> era, but it does not unlock the doors of
> discovery for a plaintiff armed with nothing more
> than conclusions. Second, only a complaint that
> states a plausible claim for relief survives a
> motion to dismiss. Id., at 556. Determining
> whether a complaint states a plausible claim for
> relief will, as the Court of Appeals observed, be
> a context-specific task that requires the
> reviewing court to draw on its judicial
> experience and common sense. 490 F.3d,
> at 157-158. But where the well-pleaded facts do
> not permit the court to infer more than the mere
> possibility of misconduct, the complaint has
> alleged-but it has not "show[n]"-"that the
> pleader is entitled to relief." Fed. Rule Civ.
> Proc. 8(a)(2).

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

Because plaintiff is proceeding pro se, the allegations of his Amended Complaint must be liberally construed and held to less stringent standards than a pleading drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). However, a pro se plaintiff is still required to allege more than a possibility of misconduct, that is, a plausible claim still must be alleged. Atherton v. District of Columbia Office of Mayor,

___ F.3d ___, ___, 2009 WL 1515373 *6 (D.C. Cir. June 2, 2009) (quoting Iqbal, 127 S. Ct. at 1950); Tellez v. Walker, 2009 WL 1470403 *3 (S.D. Ill. May 27, 2009); Dorman v. Caffey, 2008 WL 4619802 *3 (S.D. Ill. Oct. 17, 2008). The Seventh Circuit applies a type of sliding scale approach to plausibility. The more complex the case and more costly potential discovery, the more detail that will be required to satisfy the plausibility requirement. Tamayo v. Blagojevich, 526 F.3d 1074, 1082-83 (7th Cir. 2008); Limestone Dev., Corp. v. Village of Lemont, Ill., 520 F.3d 797, 803-04 (7th Cir. 2008).

Contrary to defendants' contention, as long as they are consistent with the allegations of his Amended Complaint, plaintiff may assert additional facts in his response to the motion to dismiss. See Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Williams v. Macklin, 2008 WL 4696136 *3 (N.D. Ill. Oct. 23, 2008); Warren v. Peterson, 2008 WL 4411566 *1 (N.D. Ill. Sept. 25, 2008). Defendants also contend that plaintiff's Amended Complaint cannot survive because the Amended Complaint itself does not identify plaintiff's claims. Under federal pleading rules, however, plaintiff is not limited to nor bound by the legal characterizations of his claims contained in

- 5 -

the Amended Complaint. A claim can survive as long as the facts alleged would support relief. See McCullah v. Gadert, 344 F.3d 655, 659 (7th Cir. 2003); Forseth, 199 F.3d at 368; Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999); LaRoe v. Cassens & Sons, Inc., 472 F. Supp. 2d 1041, 1047 (S.D. Ill. 2006). In response to a motion to dismiss, the legal basis for a claim must be identified and a sufficient legal argument made in support of it. Kirksey, 168 F.3d at 1041-42; Lekas v. Briley, 405 F.3d 602, 614-15 (7th Cir. 2005); Hays v. Bardasian, ___ F. Supp. 2d ___, ___, 2009 WL 1299578 *2 (N.D. Ind. May 8, 2009). Plaintiff, though, is proceeding pro se, so he is given leeway as to the legal arguments he makes.

In response to the motion to dismiss, plaintiff clarifies that he is making three claims. First, he contends it was an illegal arrest to take him into custody without any warrant and without any charges being made until two days after his arrest. Second, he contends that it was improper to take his cell phones without a search warrant and to examine them prior to the search warrant actually being issued. Third, he contends it was improper to deny him the opportunity to contact an attorney until 41 hours after his arrest.

Plaintiff contends it was improper to arrest him without any charge having been brought against him. There is no allegation that defendant Gonzalez lacked probable cause to arrest him, only that he lacked an arrest warrant. Even absent a warrant or pending charges, a person may be arrested if the officer has probable cause for the arrest. Virginia v. Moore, 128 S. Ct. 1598, 1605 (2008); United States v. Venters, 539 F.3d 801, 807 (7th Cir. 2008); Shipman v. Hamilton, 520 F.3d 775, 778 (7th Cir. 2008). Since no facts are alleged to support a lack of probable cause to arrest plaintiff, he has not alleged a plausible false arrest claim. Plaintiff also complains that he was detained without charges being brought. However, the police complaint that he attaches as an exhibit to his Amended Complaint shows that charges were brought within 48 hours and that he was set for a bond hearing just less than 48 hours after his arrest. Bringing him before the court within 48 hours presumptively satisfies the Fourth Amendment requirement for a prompt hearing following a warrantless arrest. Lopez v. City of Chicago, 464 F.3d 711, 718-19, 721-22 (7th Cir. 2006). Plaintiff does not allege a cognizable illegal arrest or detention claim.

Plaintiff complains that his cell phones were taken without his permission or a warrant and that the phones were

examined prior to receiving a search warrant. No search warrant is required to inventory the contents of a person's pocket at the time of arrest or when taken into custody at a police station. See Illinois v. Lafayette, 462 U.S. 640 (1983); United States v. Jackson, 189 F.3d 502, 508 (7th Cir. 1999). Even if the phones were taken at the time of his arrest and the contents examined prior to obtaining a search warrant, a number of courts have held that the contents of a cell phone, such as text messages, the call log, and the address book, may be examined as a search incident to an arrest. See United States v. Murphy, 552 F.3d 405, 411-12 (4th Cir.), cert. denied, 129 S. Ct. 2016 (2009); United States v. Finley, 477 F.3d 250, 259-60 (5th Cir. 2007); United States v. Valdez, 2008 WL 360548 *1-3 (E.D. Wis. Feb. 8, 2008) (collecting cases); United States v. Urbina, 2007 WL 2332418 *1 (E.D. Wis. Aug 13, 2007). See also United States v. Ortiz, 84 F.3d 977, 984 (7th Cir. 1996) (pager). Taking the cell phones was not an unlawful seizure and examining the phone contents before obtaining a search warrant also did not violate plaintiff's Fourth Amendment rights. But even if examining his phone without a search warrant were held to be a Fourth Amendment violation, defendants would be entitled to qualified immunity since there is no clearly established law supporting that it would be an unlawful search.

Last, plaintiff contends that he was denied timely access to his attorney. In order to avoid the contention that any of his claims would be barred (or not yet ripe) based on Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny, plaintiff contends his claims are entirely distinct from the pending criminal charges related to his arrest. Since a viable claim that interference with his access to counsel affected his ability to defend himself would go to the validity of a possible conviction, plaintiff's claim cannot be based on a possible effect on his defense. Cf. Porter v. Bodlovich, 1996 WL 535436 *11 (N.D. Ind. Sept. 17, 1996). Therefore, plaintiff's only possible claim would be that delaying his calls to an attorney prevented him from being released sooner. Even assuming that it is a constitutional violation to delay contact with an attorney until 41 hours after an arrest when such contact had been requested, plaintiff's claim would fail for the reason that his allegations do not show that he suffered any injury as a result of delay. Plaintiff was able to contact an attorney prior to his initial bond hearing. Compare Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 424 (D.C. Cir. 1991) (arrest of plaintiff's attorney resulted in delayed bail hearing). Moreover, plaintiff is still in custody. Since he has not yet been released pending trial, it is implausible that being able to

contact an attorney sooner would have resulted in his being released sooner. The claim based on delays in contacting an attorney will also be dismissed.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [25] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice. Under 28 U.S.C. § 1915(g), this dismissal counts as one "strike." If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

/s/ Marilyn T. Hart

UNITED STATES DISTRICT JUDGE

DATED: JULY 2, 2009